UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THADDEUS MARCELL WILLIAMS,

       Petitioner,

V                             No.

WARDEN CINDI CURTIN, Oaks
Correctional Facility,

       Respondent.

_____/

**PETITION FOR HABEAS CORPUS**

      This petition challenges Mr. Williams' conviction in Michigan's Wayne County Circuit Court for second degree murder, felon in possession of a firearm, and felony-firearm together with his ensuing sentence of thirty to fifty years of incarceration (consecutive to a two year sentence for the firearm). For reasons stated in this petition, Petitioner is being detained in violation of the U.S. Constitution and is entitled to an immediate grant of the writ of habeas corpus.

      In support of this petition, Mr. Williams states:

I. Procedural History

      1.    Mr. Williams was originally charged with the first degree murder of Rufus Marshall. He pled not guilty to all the offenses. Mr. Williams was ultimately convicted by jury of second degree murder, felon in possession of a firearm, and felony firearm. He was

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

acquitted of first degree murder. Defendant was sentenced as a third habitual offender, MCL 769.11, to concurrent prison terms of 30 to 50 years for the murder conviction and two to ten years for the felon-in-possession conviction, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction. [1]

2.   Mr. Williams took multiple appeals from his conviction. Mr. Williams completed his appeal of right. He returned to the state court with a motion to vacate his conviction, unsuccessfully appealed it, and then brought a 6.500 motion in the State Circuit Court. That was denied on November 20, 2012.

3.   Mr. Williams' original appeal concluded on August 6, 2009, when the Michigan Supreme Court denied his reconsideration motion. He had ninety days from that time period to file for *certiorari* in the United States Supreme Court which would be Wednesday November 4, 2009.

4.   On November 5, 2009, Mr. Williams filed his petition for relief from judgment in the Wayne County Circuit Court under two rules other than Michigan's 6.500 rule discussed infra. He appealed this through the Michigan appellate stream.

---

[1] Mr. Williams was also convicted of a violation of his probation for possessing a concealed weapon on a different occasion. Mr. Williams received a one year concurrent sentence for this offense. Mr. Williams is not challenging that adjudication in this Petition.

**STUART G. FRIEDMAN**
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

5.      Leave to appeal to the Court of Appeals on July 1, 2010, and leave to appeal was denied in the Michigan Supreme Court on September 9, 20100 and rehearing was denied on  December 20, 2010.[2]

6.      During this time period, Mr. Williams filed an additional appeal in the Michigan Court of Appeals which was ultimately dismissed for failure to correct a defect.   That appeal lasted from June 22, 201010 through December 9, 2010.   *People v Williams*, Michigna Court of Appeals No. 298793.

7.      Petitioner A 6.500 motion was filed on March 23, 2011.

8.      He had one day on the AEDPA clock (arguably) meaning that his last day for filing the petition would be November 19, 2013.[3]

## II.  Facts of the Case as Found
## by the Michigan Court of Appeals

9.      The Michigan Court of Appeals found the facts as follows:

> Defendant was convicted of the second-degree murder of Rufus Marshall while he and Marshall were visiting an apartment in Detroit on March 16, 2007. Defendant and Marshall got into an argument about a rivalry between two neighborhoods in

---

[2]The Petitioner had until March 21, 2011, to seek *certiorari* of that ruling.

[3] A timely request for rehearing is tolled from the one year time period. *Sherwood v Prelesnik*, 579 F3d 581 (CA 6 2009). Therefore, this petition is timely using either date.  For these reasons, the Petition is timely.

Detroit, and also about a debt owed to defendant. Defendant challenged Marshall to "knuckle it up," and Marshall placed two telephone calls asking someone to bring him his gun. Both men left the apartment and went into the hallway, where Marshall was fatally shot in the chest. Defendant contended that Marshall produced a gun during the confrontation in the hallway, and that the gun discharged when defendant grabbed Marshall in an attempt to disarm him. The prosecutor maintained that the physical evidence and other circumstances surrounding the shooting refuted defendant's claim of self-defense.

*People v Williams*, No. 279713, 2008 WL 4958547 (Mich Ct App November 20, 2008).

### III. The First Appeal

In Mr. Williams' first appeal, he raised the following issues:

10. *Improper Denial of the Defendant's Mistrial Motion.* This was the only issue presented by counsel. The Defendant requested a mistrial based on the prosecution's questioning of a witness concerning the Defendant's prior possession of a gun.

11. Defense counsel's brief clearly was anchored on constitutional principles. On page 45 of defense counsel's brief, he cited to the Fifth, Sixth, and Fourteenth Amendments to the Constitution, together with the United States Supreme Court's ruling in *Berger v United State*s, 295 US 78; 55 S Ct 629; 79 L Ed 2d 1314 (1935).

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

12.    The Michigan Court of Appeals upheld the Petitioner's conviction.  They stated that the trial court had properly decided that the evidence was inadmissible under the state rules of evidence, but that a mistrial was not warranted because the cautionary instruction was adequate and effective.

13.    *Standard 4 Brief.*  In addition to counsel's brief, the Defendant filed a Standard 4 brief.   Under Standard 4 of Administrative Order 2004–6, an indigent criminal defendant who insists that a particular claim or claims be raised "on appeal against the advice of counsel" may file one brief presenting the claims "within 84 days after the appellant's brief is filed by the attorney." Administrative Order 2004–6, Standard 4.[4]  *See also: Lee v Howes*, No. 10-12202, 2012 WL 262529 (ED Mich January 30, 2012). Issues presented in a Standard 4 supplemental brief are properly exhausted for purposes of federal review.   *See e.g. Cottenham v. Jamrog*, 248 Fed. Appx. 625, 633–34 (6th Cir.2007).

14.    Petitioner's first issue challenged the trial court's denial of a directed verdict with respect to both the first degree murder

---

[4] Available at:

http://
coa.courts.mi.gov/rules/documents/3AdministrativeOrders.pdf.

charge and included a second degree murder charge.[5]  Petitioner's challenge also included a related sufficiency of the evidence challenge.  Lastly, the Defendant stated in this issue that once the Petitioner introduced evidence of self-defense, the prosecution had to rebut the same, which they did not do.

15.    Petitioner's supplemental brief specifically preserved the issue as a federal constitutional issue.  The brief cited to the Fifth and Fourteenth Amendments of the Constitution, together with the United States Supreme Court's ruling in *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970) and *Jackson v Virginia*, 443 US 307; 99 S Ct 2718; 61 L Ed 2d 560 (1979).

16.    In rejecting the Petitioner's argument, the Court of Appeals said:

> Initially, we note that the jury acquitted defendant of first-degree murder. In any event, there was sufficient evidence to support the first-degree murder charge. From the testimony presented at trial, the jury reasonably could have inferred that defendant enticed Marshall to leave the apartment with the intent to shoot him without witnesses present. Accordingly, the trial court properly denied defendant's motion for a directed verdict with respect to

---

[5] Second degree murder is a direct lesser included offense of first degree murder.  Since 2002, it is has not been a mandatory lesser included offense under Michigan law.  See *People v Davis*, No. 287476, 2010 WL 571832 (Mich Ct App February 18, 2010) (outlining the history).

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAx: (248) 359-8695

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

the first-degree murder charge.

Defendant's self-defense theory was predicated on his claim that Marshall was armed with a gun. However, none of the prosecution witnesses observed Marshall with a gun, or observed a gun at the scene after Marshall was shot. No other witness was able to corroborate defendant's testimony that Marshall produced or was armed with a gun. A circular injury on Marshall's head suggested that he was deliberately and directly hit on the head with a gun, which would not be consistent with defendant's version of events. Also, evidence that Marshall's drug use caused him to behave erratically and aggressively did not prove that he was armed. In sum, there was sufficient evidence to enable the jury to find beyond a reasonable doubt that defendant did not act in self-defense, but rather deliberately shot Marshall. Therefore, defendant properly was convicted of second-degree murder.

*People v Williams*, No. 279713, 2008 WL 4958547 (Mich Ct App November 20, 2008).

17. The Petitioner then argued that the Court committed reversible error by submitting unsupported charges of first and second degree murder to the jury.[6] The Petitioner's brief cited to the Michigan Court of Appeals brief in *People v Morrin*, 31 Mich App 301 (1971) for the proposition that a jury is incapable of determining guilt without proper instructions and reasonably articulable standards. *Morrin* clearly anchors its ruling on the federal

---

[6] Defendant's Supplemental Brief, Issue II, p. 50>

constitution.  In the portion of the decision quoted by Mr. Williams, the Court noted:

> See In re *Winship* (1970), 397 US 358, 363, 90 S Ct 1068, 1072, 25 L Ed 2d 368, 375, where the United States Supreme Court declared:
>
>> 'The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence-that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law'. *Coffin v. United States*, 156 US 432, 453; 15 S Ct 394; 39 L Ed 481 (1895).
>>
>> *See, also, Sinclair v United States*, 279 US 263, 296, 297; 49 S Ct 268; 73 L Ed 692 (1929)*; Deutch v United States*, 367 US 456, 471; 81 S Ct  1587; 6 L Ed 2d 963 (1961); *Stack v. Boyle*, 342 US 1, 4; 72 S Ct 1; 96 L Ed 3, 6 (1951).

*People v Morrin*, 31 Mich App 301, 317; 187 NW2d 434, 443 (1971).

18.    *Prosecutorial/Judicial Misconduct.*  Petitioner raised a challenge to the prosecutor's misconduct in this case.

19.    At trial, defense counsel objected to the prosecution's argument that there was no evidence that the deceased was acting crazy on the night in question.  This was directly relevant to Mr.

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

Williams' argument that Mr. Marshall posed a direct danger to the Defendant.

20.    Petitioner specifically relied on the federal constitution when he raised the issue.[7]   His point heading cited to the due process clause.    The petitioner's brief cited in support of this to *Browning v Foltz*, 837 F2d 276 (CA 6 1988) and claimed that it was in violation of the Sixth and Fourteenth Amendments. (Brief at 54).

21.    Petitioner challenged the trial judge's impartiality when the trial judge asked the jury whether they could obtain justice for Mr. Marshall and his family *despite* evidence of his drug dealing. Mr. Williams stated that this improperly created sympathy for the deceased.  The Court of Appeals stated that this was not intended to create sympathy for the deceased or a bias against the Petitioner. The Court stated "whether the jurors could fairly decide the case based on the evidence" and not based on the "unsavory aspects of the victim's character."

22.    Petitioner next challenged the trial court's telling the jury that it was concluding deliberations at the end of the next day at 3:50 p.m. and that this improperly coerced the jury into a verdict. The Michigan Court of Appeals rejected this issue, saying:  "We also find no merit to defendant's argument that the trial court pressured

---

[7] Defendant's Supplemental Brief, Issue 3.

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

the jury into returning a verdict by the end of the third day of trial. In the context of discussing the day's schedule, the trial court merely stated that the jury would deliberate until 3:50 p.m. that day. The court never suggested that 3:50 p.m. was a deadline for returning a verdict. Thus, there was no plain error." *People v Williams*, No. 279713, 2008 WL 4958547 (Mich Ct App November 20, 2008).

23.    The Petitioner next argued that the prosecution improperly expressed a personal opinion about the petitioner's guilty and that this constituted misconduct.

24.    The Petitioner next argued that the prosecution had committed misconduct by mischaracterizing the evidence presented to the jury.    Despite evidence that the deceased had methamphetamine and Ecstasy in his system and testimony to his erratic behavior, the prosecution argued that there was no evidence that Mr. Marshall was acting crazy because of drug usage.    The Michigan Court of Appeals found this to be error but harmless:

> We also find harmless any error with respect to defendant's preserved claim that the prosecutor improperly stated that none of the witnesses testified that Marshall was "crazy" *because of drug usage.* Prosecutors may not make a statement of fact to the jury that is unsupported by the evidence, but they are free to argue the evidence and all reasonable inferences arising from it as

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

they relate to their theory of the case. *People v. Bahoda,* 448 Mich 261, 289; 531 NW2d 659 (1995). The prosecutor's argument was directed at the weakness of defendant's theory that Marshall was under the influence of drugs that caused him to become dangerously agitated and aggressive. The prosecutor's argument was supported by the evidence, because the medical examiner gave only general information regarding the effects of methamphetamine and Ecstasy on a user's behavior, and there was no testimony that Marshall was engaged in extreme behavior *caused by drugs* rather than "ordinary" aggressive behavior. Kenneth Douglas's testimony that Marshall was "acting crazy" was too general to establish a link between drug usage and Marshall's behavior. Moreover, the question whether Marshall was exhibiting an extreme degree of abnormal behavior brought on by drug abuse, or whether his antagonism was within a "normal" range or "normal" for his personality was a subjective matter of degree. The word "crazy" has no clinical or specific meaning, and could refer to losing one's temper over a trivial matter, or to behavior that would cause severe alarm or fear, or anything in between. The prosecutor's argument was that the evidence failed to establish defendant's allegations about Marshall's drug use and its effect on him, notwithstanding the use of the word "crazy"

 In any event, the prosecutor's assertion that none of the witnesses testified that Marshall was "crazy" because of drug usage, when in fact a witness did say that Marshall was "acting crazy" was harmless error. MCR 2.613(A)  * * * This is consistent with the Supreme Court's authority to regulate practice and procedure, and merely means that appellate courts should not reverse a conviction unless the error was prejudicial.

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

> *People v. Mateo,* 453 Mich 203, 210, 212; 551 NW2d 891 (1996). The jury heard multiple witnesses testify about Marshall's behavior and it heard defendant's argument that Marshall was under the influence of drugs. Therefore, the prosecutor's statement was not prejudicial and was not grounds for reversal.

*People v Williams*, No. 279713, 2008 WL 4958547 (Mich Ct App November 20, 2008).

25.    The Petitioner next argued the court erroneously failed to instruct on the defense of accident and gave a defective manslaughter instruction.[8]

26.    The Petitioner's brief specifically cited to *Sandstrom v Montana*, 442 US 510; 99 S Ct 2450; 61 L Ed 2d 39 (1979) challenging the validity of instructions, which relieved the prosecution of its duty of proof in homicide cases.

27.    The Court of Appeals rejected the argument stating:

> Defendant also argues that the trial court erroneously failed to instruct the jury on the defense of accident, and gave a deficient manslaughter instruction. However, defense counsel's affirmative approval of the trial court's jury instructions waived any claim of error. *People v. Carter,* 462 Mich 206, 216; 612 NW2d 144 (2000).

---

[8] Defendant's Supplemental brief, Issue 4.

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

*People v Williams*, No. 279713, 2008 WL 4958547 (Mich Ct App November 20, 2008). The remainder of the opinion dealt with Mr. Willliams' probation violation.

28. Mr. Williams filed a Motion for Reconsideration of the ruling, which was denied without opinion on December 30, 2008.

29. Mr. Williams then applied for leave to appeal to the Michigan Supreme Court (without counsel). The Michigan Supreme Court denied leave to appeal without opinion on May 27, 2009.

30. A timely motion for reconsideration was denied on August 6, 2009, by the Michigan Supreme Court.

IV. Remand Proceedings

31. The Petitioner then returned to the Circuit Court with a motion to vacate his criminal conviction, which was filed as part of his direct appeal. That motion was filed November 5, 2009.

32. The basis for the hearing was the claim that the first degree murder charged was dismissed at the preliminary examination. The Defendant challenged the prosecution's attempt to backdoor these charges through filing a motion to amend. The Defendant expressly invoked the United States Supreme Court's ruling in *DeJonge v Oregon,* 299 US 353; 57 S Ct 255; 81 L Ed 278 (1937) for his right to notice of the charges against him.

33. The Defendant relied on MCR 2.119 and MCR 2.612. MCR 2.612 may be used in criminal cases. *People v. Cox,* 268 Mich

13

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

App 440, 448; 709 NW2d 152 (2005); *People v. Wynn,* 197 Mich App 509, 511; 496 NW2d 799 (1992). *People v. Darden,* 230 Mich App 597, 605-606; 585 NW2d 27 (1998); *People v. Wynn*, 197 Mich App 509, 511; 496 NW2d 799 (1992). The appellate court found that the defendant had to raise these issues on collateral review via a 6.500 motion.

34.   The motion was denied on November 24, 2009. The Petitioner appealed to the Michigan Court of Appeals and then to the Michigan Supreme Court.

35.   Leave to appeal to the Court of Appeals on July 1, 2010, and leave to appeal was denied in the Michigan Supreme Court on December 20, 2010.[9]

### IV. The 6.500

36.   A 6.500 motion was filed on March 23, 2011. The motion was denied by the trial court on August 23, 2011. The petitioner appealed this to the Michigan Supreme Court, which denied reconsideration on November 20, 2012.

37.   That appeal the same seven issues through the appellate process.

38.   *Argument 1 – Deprivation of the Right to Notice of the Charges*. Mr. Williams argued that he was denied his right to notice

---

[9]The Petitioner had until March 21, 2011, to seek *certiorari* of this ruling.

of the charges against him when the jury was instructed on first degree murder even though the charge had been dismissed at the preliminary examination.   This argument was based on state law concepts of what constitutes a jurisdictional defect.

39.    *Argument 2 – Right to a Public Trial.*   Mr. Williams next argued that he was entitled to a new trial where the public was excluded from the courtroom and there was no accommodation for public access to the proceedings during the jury selection.   This issue was based directly on the right to a public trial.   The Petitioner cited to *Gannett Co, Inc v DePasquale*, 443 US 368; 99 S Ct 2898; 61 L Ed 2d 608 (1979) for the proposition that he had had a right to a public trial.   The Petitioner claimed that the Court's process of arbitrarily clearing the courtroom violated his due process right to a public trial.

40.    At the time of the Petitioner's trial, the Michigan Supreme Court had held that a Defendant could not even waive this right.   *Detroit Free Press, Inc v Recorder's Court Judge*, 409 Mich 364; 294 NW2d 827 (1980).   Subsequently, the Michigan Supreme Court modified this rule in *People v Vaughn*, 491 Mich 642; 821 NW2d 288 (2012).   *Vaughn* held that the Defendant could waive the right through non-assertion and that prejudice is required to claim ineffective assistance of counsel in the assertion of this right.

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

*Vaughn* was post-dated this case and was not relied on by the Michigan Courts.

41.   *Argument 3 – Failure to Give Accident as a Defense Instruction.*   Next, Mr. Williams argued that he was denied his constitutional right to present a defense where the court failed to instruct the jury on the defense of accident where there was evidence presented at the trial which would support the charge.

42.   Mr. Williams next argued he was denied his due process rights under the state and federal constitutions where the court's intent instructions were burden shifting in nature and created an impermissible presumption on an essential element of the charged offense.

43.   *Argument 4 – Burden Shifting Instructions.*   The Petitioner's point heading cited directly to the Fifth, Sixth, and Fourteenth Amendments to the Constitution, together with the right to present a defense.  His argument was bolstered by *habeas corpus* cases which hold in a similar context that such an erroneous instruction was a deprivation of that Petitioner's right to a properly instructed jury.  *Mason v Balkcom*, 669 F2d 222 (CA 5 1982).

44.   Mr. Williams next argued that he was denied due process and a fair trial where the Detroit Police failed to preserve

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

exculpatory evidence (a coat found near the complainant) and that counsel was ineffective in failing to raise the issue before trial.

45.     *Argument 5 – Failure to Preserve Exculpatory Evidence.* The Petitioner's point heading cited directly to the Fifth, Sixth, and Fourteenth Amendments to the Constitution, together with the right to present a defense.   His brief cited directly to various cases construing the reasonable doubt requirement of the Constitution including *Jackson v Virginia*, 443 US 307; 99 S Ct 2781; 61 L Ed 2d 560 (1979).

46.     Petitioner next argued that the police failed to preserve a jacket found near the deceased.  A witness had testified that it was near the deceased, but it was never taken into custody or preserved. The Petitioner believes that it violated the principle of due process. He relied on *People v Morris*, 77 Mich App 561, 563; 258 NW2d 559, 560 (1977), which in turn relied on *United States v Pollock*, 417 F Supp 1332, 1347 (D Mass 1976) for the proposition that bad faith investigation constituted grounds for dismissal.

47.     *Argument 6 – Ineffective Assistance of Counsel* .  Mr. Williams next argued that he was denied his constitutional right to effective assistance of counsel where counsel failed to object to the amended information, closure of the courtroom to the public, and the jury instruction regarding intent.   His brief cited directly to

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAx: (248) 359-8695

*Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

48. *Argument 7 -Ineffective Assistance of Appellate* Counsel. Lastly, Mr. Williams was denied his right to effective assistance of appeal counsel where counsel failed to raise these issues. His brief was based almost exclusively on federal case law focusing on United States Supreme Court case law dealing with the right to effective assistance of appellate counsel. He not only argued that counsel was ineffective for missing issues, but also for missing oral arguments.

49. The Petitioner urged the Court to hold evidentiary hearings throughout the course of the state post-conviction proceeding. Those requests were denied without comment. None of the defendant's have been heard.

50. At the Michigan Court of Appeals level, the Michigan Court of Appeals stated that the Petitioner failed to demonstrate good cause and actual prejudice within the meaning of MCR 6.508(D)(3).

51. In the Michigan Supreme Court, Mr. Williams filed a detailed statement of prejudice. In it, he explained that he was surprised, denied the ability to prepare, and not given an appropriate time period to take an interlocutory appeal. Mr.

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

Williams explained that, because of this, his self-defense was impaired.

52.   Mr. Williams further explained that based on this, the prosecution was able to submit an unsupportable first degree murder charge to the jury.

53.   Mr. Williams explained that, because the denial of a public trial is a structural error, he was further prejudiced.

54.   At the Michigan Supreme Court level, the Michigan Supreme Court stated that the petition was prohibited under MCR 6.502(G). This rule provides:

> (1) Except as provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard t
> o a conviction. The court shall return without filing any successive motions for relief from judgment. A defendant may not appeal the denial or rejection of a successive                    motion.
>
> (2) A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

55.    This is obviously an unreasonable application of the facts.  The Petitioner never filed a motion under that subchapter and there is no evidence that the state courts prior to the Michigan Supreme Court ever treated it as such.   In fact, the original Michigan Court of Appeals order reviewing the case made it clear that the Petitioner should proceed with these issues on collateral review rather than on his attempt to extend direct review.

56.    The original orders in this case did not treat the Petitioner's appeal as a 6.500 motion.  They did not contain the customary language.  *Guilmette v Howes*, 624 F3d 286 (CA 6 2010).

57.    The cryptic order of the Michigan Supreme Court denying leave to appeal could be based on either a mistake of fact or a mistake of law.  It is unclear, and the Michigan Supreme Court never stated what its basis was.

58.    Petitioner's motion for reconsideration to the Michigan Supreme Court argued that there had been no evidence that the Petitioner had ever filed a prior motion under MCR 6.500 *et seq.* Relying on Justice Scalia's opinion in *Castro v United States*, 540 US 375; 124 S Ct 786; 157 L Ed 2d 778 (2003), the Court stated that it was a violation of due process for a federal district court to re-characterize the Petitioner's Petition without affording him/her an opportunity to amend.

59. If this is what the State Supreme Court did, it was a violation of due process and access to the Courts. Since the order was issued without notice to Mr. Williams, it was not possible for him to exhaust his remedies in the State Court.

60. The *Castro* remedy should be applied retroactively and recitate Mr. William's petition. *In re Wagner*, 421 F3d 275 (3d Cir.2005) (applying *Castro* retroactively to Wagner's earlier-filed motions).

61. There is no prior Michigan case which states that a Defendant cannot file timely motions in the trial court once the case returns to it. While the case is on appeal, the trial court loses all jurisdiction.

62. Either way this Court views the matter, the Supreme Court's order was invalid/inoperative. It was an unreasonable mistake of fact, or it was an unexplained sudden retroactive change in the law which would have made the Petitioner's petition retroactively invalid with no prior notice.

63. Counsel is in the process of uploading the state court file to this Court and anticipates that it will be filed with this Court by roughly November 27, 2013.

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

V.  Issues Presented to this Court

64.    Petitioner requests this Court grant a writ of habeas corpus based on the following issues:

65.    *Improper Denial of the Defendant's Mistrial Motion.*  The trial court should have granted a mistrial based on the prosecutor's improper questioning of a witness concerning the Petitioner's act. For reasons previously stated, it was a violation of due process at law.

66.    *Weight of Evidence.*  The prosecution was required to prove the Petitioner's guilt beyond a reasonable doubt.  Under Michigan law, this required proof that Mr. Williams was not acting in self-defense.  They had not done so.

67.    *Submission of Unsupported Charges to the Jury.*  It was a denial of the Petitioner's right to be presumed innocent  and the prosecutor's corollary duty to prove the Petitioner guilty beyond a reasonable doubt to submit unsupportable first degree and second degree murder charges to the jury.

68.    *Prosecutorial Misconduct.*  The prosecutor deliberately mischaracterized the evidence when it stated that there was no evidence showing that Mr. Marshall was acting crazy contrary to drugs.  The autopsy and witness evidence showed directly to the contrary. The prosecutor also committed error by expressing a personal opinion about the Petitioner's guilt.  This was a clearly

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

violation of the prosecution's oath of office and duty as expressed by the United States Supreme Court in *Donnelly v DeChristoforo*, 416 U.S. 637 (1974).

69.   *Judicial Coercion for a Fast Verdict.*  The jury was coerced into rendering a verdict when the Court stated that they had to be conclude the matter by 3:50pm.  For reasons stated earlier, this was error.  The United States Supreme Court has expressly held that coercive jury instructions can violate a criminal defendant's right to due process and the right to a trial by jury.  In a habeas corpus case:  "Any criminal defendant, and especially any capital defendant, being tried by a jury is entitled to the uncoerced verdict of that body." *Lowenfield v. Phelps,* 484 U.S. 231, 241 (1988).  See also *Jenkins v. United States*, 380 U.S. 445, 446 (1965); *Hyde v. United States*, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912),  The ruling on this point is directly contrary to clearly established U.S. Supreme Court precedent.

70.   *Judicial Sympathy for the Deceased.*  By asking the jury if they could find justice for the accused under the facts of this case, the Court clearly showed improper sympathy for the accused.

71.   *Failure to Instruct on an Essential Defense.*   The failure to give the requested instruction on accident as a defense and the instructions given on manslaughter require this Court to grant this writ.  For reasons stated earlier in this brief, these instructions relieved the prosecution of its duty to prove Mr. Williams guilty

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

beyond a reasonable doubt.  As further explained in Mr. Williams'
collateral appeal, this denied him the right to a properly instructed
jury.

72.    Ambiguous instructions to a jury fail where a
reasonable juror can interpret them in an unconstitutional fashion.
*See Sandstrom v. Montana*, 442 U.S. 510, 517, 99 S. Ct. 2450, 61
Led 2d 39 (1979) (refusing to assume that the jury embraced a
constitutionally sound understanding of an unambiguous
instruction:  'we cannot discount the possibility that the jury may
have interpreted the instruction improperly').  Michigan courts
accept this principle.  As the Michigan Court of Appeals explained
over forty years ago: "when several instructions are imparted to the
jury, some proper and some incorrect, the jury is presumed to have
followed the erroneous, absent repudiation of the questionable
charges by the court." *People v Neumann*, 35 Mich.App. 193, 192
N.W.2d 345 (1971).  *Accord People v. Woodfork*, 47 Mich. App. 631,
634, 209 N.W.2d 829, 830 (1973); *People v. Hess*, 214 Mich.App 33,
37; 543 NW2d 332 (1995); *People v. Moya*, 194799, 1998 WL
1991186 (Mich. Ct. App. June 19, 1998).  One practical reason for
this rule is that it is the near universal rule in the United States that
juror affidavits cannot be used to impeach a verdict or explain juror
actions. *McDonald v. Pless*, 238 U.S. 264, 267-68, 35 S. Ct. 783,
784, 59 L. Ed. 1300 (1915)

73.    *Deprivation of the Constitutional Right to Notice of the
Charges Agaisnt them.*  The firstg degree murder charges had been
properly dismissed at the preliminary examination.  The process

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

used to reintroduce the charges into the case against Mr. Williams denied him of his right oo notice of the charges as expressed by *DeJonge v Oregon*, *supra*. Good cause exists for raising the issue because it was raised in the direct appeal via the timely filed motion for relief from judgment and because it was ineffective assistance of counsel for the attorney to not raise it on the direct appeal.

74.  *Deprivation of the Right to a Public Trial.*  For reasons stated earlier in this Petition, the closing of the Court room was a violation of Mr. William's right to a public trial.  The law in effect at the time of the Petitioner's trial required a personal waiver which did not take place.  Only years after the trial did the Michigan Supreme Court unreasonably hold that counsel could waive the issue through silence.  This was a structural error.

75.  *Failure to Preserve Exculpatory Evidence.*  For reasons stated above, the Petitioner requests this Court also find that the Detroit Police improperly failed to preserve exculpatory evidence in this case.

76.  *Ineffective Assistance of Trial Counsel.*  Mr. Wiliams was denied his right to the effective assistance of counsel when counsel failed to object to the amended information, the closing of the courtrooms, and the jury instructions regarding intent.

77.  *Ineffective Assistance of  Appellate Counsel.*  Mr. Williams has both good cause for any procedural default and was

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

denied his right to the effective assistance of appellate counsel as a substantive issue when counsel did not raise the issues outlined above on direct appeal.  There was no reason consistent with an effective appellate strategy for not raising the same.

STUART G. FRIEDMAN
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695

VI.  Relief

WHEREFORE, Petitioner asks this Court to:

A.    Order the Warden to respond to this Petition;

B.     Grant his Petition, order an evidentiary hearing; and,

C.    Grant him a writ of habeas corpus.

                              Respectfully submitted,

                              _____
                              Stuart G. Friedman (P46039)
                              Attorney for Petitioner
                              3000 Town Center, Suite 1800
                              Southfield, MI  48075
                              (248) 228-3322

DATED:  November 4, 2013

**STUART G. FRIEDMAN**
ATTORNEY AT LAW
3000 TOWN CENTER, SUITE 1800
SOUTHFIELD, MI 48075
(248) 228-3322
FAX: (248) 359-8695