UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THADDEUS WILLIAMS,

                    Petitioner,

                                                    Case Number 13-14636
v.                                                  Honorable David M. Lawson

CINDI CURTIN,

                    Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Thaddeus Williams was convicted of second-degree murder and firearms offenses

by a Wayne County, Michigan jury and sentenced to lengthy prison sentences.  He challenges his

convictions and sentences in a *pro se* petition and amended petition for a writ of habeas corpus under

28 U.S.C. § 2254.  Although he has raised 12 claims addressing a variety of alleged constitutional

violations, one issue is fatal to his quest for relief: the untimeliness of his petition.  Because

Williams did not comply with the one-year statute of limitations applicable to federal habeas actions,

*see* 28 U.S.C. § 2244(d)(1), and the petition is not saved by equitable tolling, the Court must dismiss

the petition and deny relief.

I.

The petitioner shot Rufus Marshall to death during an argument in an apartment hallway in

Detroit, Michigan on March 16, 2007.  The Michigan Court of Appeals summarized the relevant

facts as follows:

> Defendant was convicted of the second-degree murder of Rufus Marshall while he
> and Marshall were visiting an apartment in Detroit on March 16, 2007.  Defendant
> and Marshall got into an argument about a rivalry between two neighborhoods in
> Detroit, and also about a debt owed to defendant.  Defendant challenged Marshall
> to "knuckle it up," and Marshall placed two telephone calls asking someone to bring

him his gun.  Both men left the apartment and went into the hallway, where Marshall was fatally shot in the chest.  Defendant contended that Marshall produced a gun during the confrontation in the hallway, and that the gun discharged when defendant grabbed Marshall in an attempt to disarm him.  The prosecutor maintained that the physical evidence and other circumstances surrounding the shooting refuted defendant's claim of self-defense.

*People v. Williams*, No. 279974, 2008 WL 4958547, *1 (Mich. Ct. App. Nov. 20, 2008).  These facts are presumed to be correct, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), although they have little bearing on the main issue discussed below.

Following his convictions and sentencing, the petitioner filed a direct appeal in the Michigan Court of Appeals raising claims concerning the reference to his weapons conviction and denial of a mistrial motion, the sufficiency of the evidence, the submission of first-degree and second-degree murder charges to the jury, the conduct of the prosecutor and the trial court, and the jury instructions.  The court denied relief on those claims and affirmed his convictions.  The petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order on May 27, 2009.  *People v. Williams*, 483 Mich. 1019, 765 N.W.2d 317 (2009).  That court denied reconsideration on August 6, 2009.  *People v. Williams*, 484 Mich. 874, 769 N.W.2d 232 (2009).

On October 5, 2009, the petitioner filed a motion to vacate his convictions in the state trial court raising a claim concerning his notice and trial on the first-degree murder charge.  The trial court denied relief in a summary order.  *People v. Williams*, No. 07-007377-01 (Wayne Co. Cir. Ct. Nov. 24, 2009).  The petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  In denying the application, the court noted that the petitioner's convictions were no longer reviewable under the direct appeal rules, Mich. Ct. R. 7.200 or 7.300, and were only

reviewable under the post-conviction rules, Mich. Ct. R. 6.500, *et seq*.  *People v. Williams*, No. 295546 (Mich. Ct. App. May 24, 2010).  The court also denied reconsideration.  *People v. Williams*, No. 295546 (Mich. Ct. App. July 1, 2010).  The petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on September 9, 2010, *People v. Williams*, 488 Mich. 858, 787 N.W.2d 124 (2010), and reconsideration was denied on December 20, 2010.  *People v. Williams*, 488 Mich. 998, 791 N.W.2d 445 (2010).

On March 8, 2011, the petitioner filed a motion for relief from judgment in the state trial court raising claims concerning his notice for the first-degree murder charge, his right to a public trial during jury voir dire, the jury instructions, the failure to preserve evidence, and the ineffectiveness of trial and appellate counsel.  The court denied relief on those claims citing Michigan Court Rule 6.508(D)(3).  *People v. Williams*, No. 07-007377 (Wayne Co. Cir. Ct. June 2, 2011).  The petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Williams*, No. 306161 (Mich. Ct. App. March 23, 2012).  The petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on June 25, 2012 because the motion for relief from judgment was "prohibited by MCR 6.502(G)."  *People v. Williams*, 491 Mich. 947, 815 N.W.2d 450 (2012).  The court also denied reconsideration on November 20, 2012.  *People v. Williams*, 493 Mich. 898, 822 N.W.2d 577 (2012).

The petitioner, through counsel, filed an initial habeas petition in this Court on November 7, 2013.  The petitioner, on his own, subsequently filed an amended petition raising the 12 claims that he raised on direct appeal and collateral review in the state courts.  The Court accepted the amended petition as the operative petition in this case.  The respondent filed an answer to the

-3-

amended petition contending that the petition is untimely, that certain claims are barred by procedural default, and that all of the claims lack merit.  The petitioner, through counsel, has filed a reply to that answer asserting that his petition is timely.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996 and governs the filing date for this action because the petitioner filed his petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.  *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003).  The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  A habeas petition filed outside the prescribed time period must be dismissed.  *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

The state courts completed direct review of the petitioner's convictions on August 6, 2009, when the Michigan Supreme Court denied reconsideration of its order denying leave to appeal.  The

petitioner's convictions became "final" under the federal habeas statute 90 days later — on November 4, 2009 — when "the time for filing a certiorari petition expire[d]." *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009); *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1). Therefore, the petitioner was required to file his federal habeas petition under 28 U.S.C. § 2244(d)(1)(A) by November 4, 2010.

The petitioner contends that the one-year period must be extended because the Court should not count the time during which his several motions for post-conviction relief were pending in the state courts. Indeed, 28 U.S.C. § 2244(d)(2) says that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." And the petitioner filed his motion to vacate with the state trial court on October 5, 2009, which was 30 days after his conviction became final. The petitioner is correct that the clock stopped with approximately eleven months left on it, until it restarted on December 20, 2010, when the Michigan Supreme Court denied reconsideration of its order denying leave to appeal from the rejection of those post-conviction claims. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (holding that AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings).

The petitioner contends that he stopped the clock again on March 8, 2011, when he filed another post-conviction motion in the trial court. The warden disputes that argument, contending that because Michigan Court Rule 6.502(G) prohibits "successive motions for relief from judgment" (subject to some exceptions not applicable here), the March 8, 2011 motion was not "properly filed" within the meaning of section 2244(d)(2). There may be some merit to the warden's position, *see*

*Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012), but the Court need not decide the point, because even with the benefit of a second hiatus, the petition is still late.

After the state courts completed review of the first post-conviction motion, the federal habeas clock restarted on December 21, 2010. By the petitioner's way of thinking, it then ran for 78 days until he filed his second motion for relief from judgment on March 8, 2011. Following that reasoning, it restarted again after November 20, 2012, when the Michigan Supreme Court denied reconsideration of the appeal of the second post-conviction motion. The 287 days then left on the clock took the habeas filing deadline to September 2, 2013. The petitioner did not file his initial federal habeas petition until November 7, 2013 – more than two months later. The petitioner does not contend that he is entitled to a new one-year period because the State created an impediment to a timely filing, that his claims are based upon newly-discovered facts, or that his claims arise from newly-created rights recognized by the United States Supreme Court and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D). His petition, therefore, is untimely.

The one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."

-6-

*Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

The petitioner makes no such showing. The fact that he is untrained in the law, was proceeding without a lawyer for a period of time, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (holding that *pro se* status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (holding that ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (finding that illiteracy is not a basis for equitable tolling). His actual or mistaken notions about the tolling effect of his state court collateral review motions will not help him, because the Court gave him the benefit of the doubt in its calculations of the filing deadline. The petitioner has not shown that he is entitled to equitable tolling under *Holland*.

The Supreme Court and the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, --- U.S. ---, ---, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court

authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). The petitioner makes no such showing. The petitioner has not established that he is entitled to equitable tolling of the one-year period.

III.

The petition for a writ of habeas corpus was not filed within the time permitted by 28 U.S.C. § 2244(d). The petitioner has not shown that he is entitled to statutory or equitable tolling of the one-year limitations period.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated: November 29, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 29, 2016.

> s/Susan Pinkowski
> SUSAN PINKOWSKI