UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THADDEUS WILLIAMS,

        Petitioner,

                                                                     Case Number 13-14636

v.                                                           Honorable David M. Lawson

CINDI CURTIN,

        Respondent.
                                                    /

## **ORDER DENYING MOTION FOR RECONSIDERATION**

      This matter is before the Court on the petitioner's motion for reconsideration of the Court's opinion dismissing his petition, which was based on the Court's conclusion that the petition was filed more than 60 days after the expiration of the AEDPA one-year limitations period. The petitioner contends that the Court's conclusion was mistaken because his first post-conviction motion was filed in the state trial court in July 2009, not October 2009 as the Court recited in its opinion. However, as the respondent correctly points out, whether the post-conviction motion was filed in July or October has no impact on the assumptions about the extent and tolling of the limitations period that the Court accepted for the purposes of its prior ruling. Because the petitioner has failed to identify any palpable defect in the Court's reasoning in its previous ruling, his motion for reconsideration must be denied.

      Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).

"Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

In its opinion dismissing the petition as untimely, the Court summarized the procedural history of the petitioner's case in the state courts as follows:

> Following his convictions and sentencing, the petitioner filed a direct appeal in the Michigan Court of Appeals raising claims concerning the reference to his weapons conviction and denial of a mistrial motion, the sufficiency of the evidence, the submission of first-degree and second-degree murder charges to the jury, the conduct of the prosecutor and the trial court, and the jury instructions. The court denied relief on those claims and affirmed his convictions. The petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order on May 27, 2009. *People v. Williams*, 483 Mich. 1019, 765 N.W.2d 317 (2009). That court denied reconsideration on August 6, 2009. *People v. Williams*, 484 Mich. 874, 769 N.W.2d 232 (2009).
>
> On October 5, 2009, the petitioner filed a motion to vacate his convictions in the state trial court raising a claim concerning his notice and trial on the first-degree murder charge. The trial court denied relief in a summary order. *People v. Williams*, No. 07-007377-01 (Wayne Co. Cir. Ct. Nov. 24, 2009). The petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." In denying the application, the court noted that the petitioner's convictions were no longer reviewable under the direct appeal rules, Mich. Ct. R. 7.200 or 7.300, and were only reviewable under the post-conviction rules, Mich. Ct. R. 6.500, *et seq*. *People v. Williams*, No. 295546 (Mich. Ct. App. May 24, 2010). The court also denied reconsideration. *People v. Williams*, No. 295546 (Mich. Ct. App. July 1, 2010). The petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on September 9, 2010, *People v. Williams*, 488 Mich. 858, 787 N.W.2d 124 (2010), and reconsideration was denied on December 20, 2010. *People v. Williams*, 488 Mich. 998, 791 N.W.2d 445 (2010).
>
> On March 8, 2011, the petitioner filed a motion for relief from judgment in the state trial court raising claims concerning his notice for the first-degree murder charge, his right to a public trial during jury voir dire, the jury instructions, the failure to preserve evidence, and the ineffectiveness of trial and appellate counsel. The court denied relief on those claims citing Michigan Court Rule 6.508(D)(3). *People v. Williams*, No. 07-007377 (Wayne Co. Cir. Ct. June 2, 2011). The petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR

> 6.508(D)." *People v. Williams*, No. 306161 (Mich. Ct. App. March 23, 2012). The petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on June 25, 2012 because the motion for relief from judgment was "prohibited by MCR 6.502(G)." *People v. Williams*, 491 Mich. 947, 815 N.W.2d 450 (2012). The court also denied reconsideration on November 20, 2012. *People v. Williams*, 493 Mich. 898, 822 N.W.2d 577 (2012).

Opinion & Order [dkt. #13] at 2-3 (Pg ID 2173-74). The petitioner does not quarrel with that timeline except by his assertion that the 2009 motion to vacate his sentence was filed in the state court in July 2009, not October 2009. It is undisputed that the petitioner filed his habeas petition in this Court on November 7, 2013. The Court concluded, based on the procedural history recited above, that the petitioner's conviction became final on November 4, 2009, when the 90-day period for filing a petition for a writ of certiorari in the Supreme Court expired:

> The state courts completed direct review of the petitioner's convictions on August 6, 2009, when the Michigan Supreme Court denied reconsideration of its order denying leave to appeal. *The petitioner's convictions became "final" under the federal habeas statute 90 days later — on November 4, 2009 —* when "the time for filing a certiorari petition expire[d]." *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009); *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1). Therefore, the petitioner was required to file his federal habeas petition under 28 U.S.C. § 2244(d)(1)(A) by November 4, 2010.

*Id.* at 4-5 (Pg ID 2175-76). Based on that analysis, the Court concluded that the habeas clock did not start to run until November 4, 2009, and that the petitioner initially was required to file his habeas petition by November 4, 2010.

In his briefing in this case, the petitioner argued that his petition was timely because the running of the one-year limitations period twice was paused due to the pendency of his two post-conviction motions for relief from judgment. Those motions were filed, according to the petitioner, sometime in July 2009 and on March 8, 2011. However, as the Court explained in its opinion, even if it is assumed that the limitations period was tolled by both motions, for the entire time that the

-3-

proceedings on each were pending, his petition still was untimely:

> After the state courts completed review of the first post-conviction motion, the federal habeas clock restarted on December 21, 2010. By the petitioner's way of thinking, it then ran for 78 days until he filed his second motion for relief from judgment on March 8, 2011. Following that reasoning, it restarted again after November 20, 2012, when the Michigan Supreme Court denied reconsideration of the appeal of the second post-conviction motion. The 287 days then left on the clock took the habeas filing deadline to September 2, 2013. The petitioner did not file his initial federal habeas petition until November 7, 2013 – more than two months later.

*Id.* at 6 (Pg ID 2177). Although the Court referred to the clock as "restarting," the Court's discussion of that calculation makes clear that the Court did not assume that any time at all had run on the habeas clock in 2009. Instead, the Court assumed that the clock never started to run before November 4, 2009, and that it was paused from then through the conclusion of the petitioner's direct appeal from the denial of his first post-conviction motion, on December 21, 2010.

Thus, whether the post-conviction motion was filed in July or October 2009 is of no consequence, because the Court assumed for the purposes of its tolling analysis — affording the petitioner the benefit of the most generous possible construction of the procedural timeline — that no time at all ran on the AEDPA clock before December 21, 2010. The Court then calculated that 78 of the 365 days of the limitations period ran between December 21, 2010 and March 8, 2011, and that 287 days remained when the Michigan Supreme Court denied the petitioner's motion for reconsideration on the appeal of his section post-conviction motion, on November 20, 2012. Therefore, even if the Court assumes — as it did for the purposes of its previous ruling — that the limitations period was subject to tolling for the full extent of every creditable period claimed by the petitioner, he still was required to file his petition no later than September 2, 2013. His petition was not filed by that date, and it therefore was untimely.

The petitioner asserts that he had 90 days within which to file a petition for a writ of

certiorari after the December 21, 2010 ruling denying reconsideration of the appeal from his first post-conviction motion, which he believes would "cover" the 78 days between then and when he filed his second motion. But that 90-day "grace period" is an allowance that is added only after the last ruling by a state's highest court at the conclusion of a direct appeal, to determine the day on which a petitioner's judgment of conviction becomes "final" and the habeas clock first starts to run. *Taylor v. Palmer*, 623 F. App'x 783, 790 (6th Cir. 2015) ("Taylor's judgment *became final for purposes of AEDPA on June 19, 2012, the day on which the ninety-day time period for seeking certiorari with the United States Supreme Court expired*, and therefore the AEDPA statutory period began to run on June 20, 2012." (emphasis added)) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)). No such 90-day allowance is added when calculating any period of tolling due to the pendency of a subsequent collateral attack on the judgment, because that allowance is afforded only when fixing the benchmark date of finality for the judgment of conviction. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[An] application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

The petitioner has failed to identify any palpable defect in the calculations that the Court relied upon when it concluded that the petition was untimely, and his motion for reconsideration therefore will be denied.

Accordingly, it is **ORDERED** that the petitioner's motion for reconsideration and motion for rehearing [dkt. #16, 17] are **DENIED**.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated: July 10, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 10, 2017.

                                        s/Susan Pinkowski
                                        SUSAN PINKOWSKI